DECISION AND JOURNAL ENTRY
Defendant-appellant Howard R. Hewitt, III appeals a judgment of the Lorain County Court of Common Pleas that convicted him of gross sexual imposition, and designated him a sexual predator. This Court affirms.
Hewitt was sharing a home with a woman and her six-year-old child ("child"), whose identities will be protected from disclosure in this opinion. On October 22, 1998, Hewitt was laying on the couch when he made the child put his mouth on Hewitt's penis. Hewitt also touched and squeezed the child's penis. The child said he did not like what Hewitt was doing, and told Hewitt that his actions would "make germs." Hewitt admonished the child not to tell anyone. The child later told his mother what Hewitt had done.
Hewitt was indicted by the Lorain County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(1)(b); and gross sexual imposition, in violation of R.C. 2907.05(A)(4). After a jury trial, Hewitt was found not guilty of rape and guilty of gross sexual imposition.
Hewitt timely appeals, asserting five assignments of error.
 FIRST ASSIGNMENT OF ERROR The Trial Court erred when it permitted the testimony of Nancy Griffith regarding interviewing techniques of young sex abuse victims because the State essentially qualified her in the jury's presence as an expert witness in that field without properly qualifying her as an expert witness or providing the appellant with her qualifications and report regarding the interview techniques in the Appellant's case.
 Initially, this Court notes that in this assignment of error Hewitt fails to support his claims with any legal authority whatsoever.[1] "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record. See App.R. 16(A)(7)." State v. Taylor (Feb. 9, 1999), Medina App. No. 2783-M, unreported. Since Hewitt's claim fails to comply with App.R. 16(A)(7), he has failed to show how the trial court erred.
However, in the interests of justice, Hewitt's first assignment of error will be addressed briefly. In his first assignment of error, Hewitt claims that witness Nancy Griffith was improperly qualified as an expert witness in the area of interviewing child sex abuse victims and the state did not present Hewitt with an "expert report." "`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" State v. Maurer (1984), 15 Ohio St.3d 239, 265, certiorari
denied (1985), 472 U.S. 1012, 86 L.Ed.2d 728, quoting State v. Hymore
(1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Our review of the record reveals that Griffith did not render any expert opinion nor did the prosecutor attempt to have her qualified as an expert. Moreover, the trial court never declared Griffith to be an expert. Consequently, the trial court did not abuse its discretion in admitting this testimony.
Hewitt's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR The Trial Court should not have applied an unconstitutional law to the Appellant in finding him to be a sexual predator.
 THIRD ASSIGNMENT OF ERROR The Trial Court erred when it applied an unconstitutional law to the Defendant-Appellant and finding [sic] him to be a sexual predator.
 The foregoing assignments of error are treated together as they raise similar issues of law and fact.
In his second and third assignments of error, Hewitt launches a constitutional attack against R.C. 2950.01 alleging the law to be: (1) violative of the due process clause; (2) violative of the equal protection clause; (3) cruel and unusual punishment; (4) contrary to the double jeopardy clause; (5) an ex post facto law; and (6) void for vagueness. This Court has previously considered such arguments and rejected them. State v. Hodge (Oct. 18, 2000), Lorain App. No. 98CA007056, unreported; State v. Swaney (Oct. 4, 2000), Lorain App. No. 99CA007525, unreported. See, also, State v. Cook (1998),83 Ohio St.3d 404, certiorari denied (1999), 525 U.S. 1182,143 L.Ed.2d 116. Accordingly, Hewitt's second and third assignments of error are summarily overruled.
 FOURTH ASSIGNMENT OF ERROR The Trial Courts [sic] finding that the Appellant was a sexual predator was contrary to the statutory provisions for making that determination.
 In Swaney, this Court recited the statutory test for designating a sexually oriented offense offender as a sexual predator:
 A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The court must find by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B)(3) and 2950.09(C)(2).
 The crux of the analysis is whether the offender "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
This Court finds that the trial court had sufficient evidence to designate Hewitt a sexual predator. The grotesque violation of the child in this case by Hewitt is the epitome of the predator preying on the weakness of a six-year-old child. It evinces violation of the trust reposed in him as an authority figure. Hewitt committed an act of the most profound reprobation, visiting his lascivious designs on a defenseless child. Furthermore, Hewitt was previously convicted for corruption of a minor. Taken together, the evidence shows that Hewitt was properly designated a sexual predator.
Hewitt's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR The Jury's verdict finding the Appellant guilty of Gross Sexual Imposition was a decision that went against the manifest weight of the evidence.
 Hewitt argues that his conviction for gross sexual imposition was against the manifest weight of the evidence. This Court disagrees.
In conducting a manifest weight of the evidence review a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340, citing State v. Martin (1983) 20 Ohio App.3d 172. Overturning a conviction on this basis is occasioned by the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
Hewitt was found guilty of gross sexual imposition pursuant to R.C.2907.05(A)(4), which provides: "No person shall have sexual contact with another * * * when * * * [t]he other person * * * is less than thirteen years of age[.]" Sexual contact is defined as the "touching of an erogenous zone of another, including * * * the pubic region, * * * for the purpose of sexually arousing or gratifying either person." R.C.2907.01(B). Here, the evidence showed that Hewitt made the six-year-old child place his mouth on Hewitt's penis. Hewitt touched and squeezed the child's penis. Hewitt then told the child not to tell anyone.
Hewitt challenges the victim's disclosures by attacking the credibility of the child, having brought out on cross-examination of the victim that the child had previously lied about abuse by the baby sitter. It is the province of the trier of fact to resolve competing issues of weight and credibility. State v. DeHass (1967), 10 Ohio St.2d 230. This Court cannot state that, under the facts of this particular case, the jury clearly lost its way or created a manifest miscarriage of justice. Accordingly, Hewitt's fifth assignment of error is overruled.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR
[1] While Hewitt does set forth some predicate boiler plate authority concerning when an expert may testify before the jury, the authority presented has no specific nexus to the legal claims advanced in his first assignment of error. Unsupported claims tacitly suggest their lack of merit.